## Diffenderfer et al. v. Koch et al.

*David R. Crossgrove, Andrew A. Leiser* and *William H. Hackenberg,* for plaintiffs.

*W. M. Showers* and *Cloyd Steininger,* for defendants.

POTTER, P. J., November 27, 1931.—This is a bill in equity in the nature of a preliminary injunction, into the merits of which we need not enter in disposition of the matters before us. A bill was filed to which answer was made. We now have an application on the part of the defendant for a jury trial of matters of fact arising in this connection. We also have an application on the part of the plaintiffs to strike from the answer of the defendants certain paragraphs thereof.

Our equity rules have the same force and effect as acts of assembly so long as they do not contravene the laws of this state.

Rule 61 of the Revised Equity Rules provides as follows: "At any time after a case in equity is at issue upon questions of fact, and before the facts are found by the chancellor, the court may, of its own motion, and shall, at the request of either party, grant a rule to show cause, at such time as may be fixed, why the disputed issues of fact, or some of them, should not be tried before a jury. If the court shall find there is a substantial dispute which should be thus tried it shall frame the issues in the form of separate questions, and the verdict rendered must consist only of answers to those questions. These answers, made to inform the conscience of the chancellor, shall not be binding upon him in deciding the case."

We have carefully read over the bill and the answer filed in this case, and we see in these pleadings quite a number of questions which we are of the opinion should be submitted to a jury to pass upon as questions of facts. There are allegations made by the plaintiffs and flatly denied by the defendants which raise these questions. From the argument of the plaintiffs, we gather that they maintain that testimony must need be taken before it could be determined whether or not questions of fact had arisen which should be disposed of by a jury. However, we do not think it necessary to wait till that stage of the case before deciding the question of a jury trial. If questions of fact arise from the pleadings, as they surely do in the case thus far, we are of the opinion that at this stage of the case application can be made for a jury trial, of which disposition shall be made by the court. And at this stage of the proceedings we are firmly of the opinion that a jury trial should be awarded whether an application be made for it or not.

As to the application to strike from the pleadings certain paragraphs of the defendants' answer, we can only say that we see no necessity whatever for the affirmance of this application. In our judgment, the bill sets out tersely and explicitly the contention of the plaintiffs, and the reply of the defendants is equally terse and explicit. We see no new matter set up in the answer that should call for any other pleadings on the part of either party to these proceedings. And the pleadings so far frame issues which in our judg-

ment are ready to be disposed of by trial. We see no necessity for the filing of any replication in this suit.

And now, to wit, November 27, 1931, the rule or application for a jury trial is made absolute. The rule or application to have certain paragraphs of the defendants' answer stricken off is discharged. On this ruling an exception is noted to both parties hereto.　　　　From A. Francis Gilbert, Middleburg, Pa.